PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  MELINDA LOUISE ELKINS | ) | |
| nka MELINDA LOUISE DAWSON | ) | CASE NO.  5:16CV1628 |
| | ) | |
| and | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CLARENCE ARNOLD ELKINS, II | ) | |
| | ) | |
| Debtors-Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Appellee. | ) | **AND ORDER** |

This case of first impression involving statutory interpretation 26 U.S.C. §139F(a) is

before the Court upon appeals by Debtors-Appellants Melinda Louise Elkins nka Melinda Louise

Dawson and Clarence Arnold Elkins, II from the same order of the bankruptcy court.[1]  After an

examination of the record, this Court determines that oral argument is not needed.

**I.**

On June 22, 2016, Debtors each appealed an order of Bankruptcy Judge Russ Kendig

entered in Bankruptcy Case Nos. 05-65317-rk and 05-69543-rk to the Bankruptcy Appellate

Panel ("BAP").  Thereafter, Appellee United States of America filed a timely Statement of

---

[1]  The Memorandum of Opinion (ECF No. 1-1 in Case No. 5:16CV1628) denied
Debtors' Motions to Reopen their bankruptcy cases pursuant to 11 U.S.C. § 350.  *In re
Elkins*, Nos. 05-65317, 05-69543, 2016 WL 3414823 (Bankr. N.D. Ohio June 14, 2016).

(5:16CV1628)

Election to the District Court under 28 U.S.C. §158(c)(1) (ECF No. 2-1).  These appeals were filed in this Court on June 27, 2016.  On July 7, 2016, the cases were consolidated and Case No. 5:16CV1631 was administratively closed.  Order and Notice of Filing an Appeal From a Bankruptcy Judge's Decision (ECF No. 6 in Case No. 5:16CV1628).

Debtors' Motions to Reopen are based on 26 U.S.C. §139F, a new Internal Revenue Code section that was enacted into law on December 18, 2015 by the Protecting Americans From Tax Hikes Act of 2015 (2015 PATH Act, PL 114-113).[2]  The statute provides:

§ 139F. Certain amounts received by wrongfully incarcerated individuals

**(a) Exclusion from gross income.**--In the case of any wrongfully incarcerated individual, gross income shall not include any civil damages, restitution, or other monetary award (including compensatory or statutory damages and restitution imposed in a criminal matter) relating to the incarceration of such individual for the covered offense for which such individual was convicted.

**(b) Wrongfully incarcerated individual.**--For purposes of this section, the term "wrongfully incarcerated individual" means an individual--

**(1)** who was convicted of a covered offense,

**(2)** who served all or part of a sentence of imprisonment relating to that covered offense, and

**(3)(A)** who was pardoned, granted clemency, or granted amnesty for that covered offense because that individual was innocent of that covered offense, or

**(B)(i)** for whom the judgment of conviction for that covered offense was reversed or vacated, and

---

[2] As of this writing, the only other federal or state court decision to mention §139F is *Sonoma Apartment Associates v. United States*, 127 Fed.Cl. 721, 724 n. 2 (2016).

2

(5:16CV1628)

> **(ii)** for whom the indictment, information, or other accusatory instrument for that covered offense was dismissed or who was found not guilty at a new trial after the judgment of conviction for that covered offense was reversed or vacated.

> **(c) Covered offense.**--For purposes of this section, the term "covered offense" means any criminal offense under Federal or State law, and includes any criminal offense arising from the same course of conduct as that criminal offense.[3]

The primary issue presented in the case at bar is whether the statute applies or can reasonably be construed to apply to derivative loss of consortium claims of the family members of an individual who is wrongfully incarcerated.  In 2011, Debtors received a portion of the settlement proceeds of a wrongful incarceration lawsuit involving Clarence Elkins, Sr., the father of Clarence Arnold Elkins, II and former husband of Melinda Louise Dawson.  *See Elkins v. Summit County, Ohio*, 615 F.3d 671 (6th Cir. 2010), in which the underlying facts are set forth at length.  Based on the law in effect prior to the enactment of  26 U.S.C. §139F, Debtors paid approximately $242,000 in income taxes on the funds they received from the wrongful incarceration settlement.  Because the Debtors filed for bankruptcy in 2005, the income taxes on their settlement proceeds were paid from Debtors' bankruptcy estates by the Debtors' Bankruptcy Trustee.

---

[3] There is a special one-year window during which an eligible wrongfully-incarcerated individual can file a refund claim based on any civil damages, restitution or other monetary award received and reported in a prior tax year, even if the normal statute of limitations had already expired for that year.  If the credit or refund of any overpayment of tax resulting from the application of §139F to a period before December 18, 2015 is prevented, as of that date, by the operation of any law or rule of law, the credit or refund may nevertheless be allowed or made if a claim is mailed by December 19, 2016.  12/8/2016 Fed. Taxes Weekly Alert Art. 14.

(5:16CV1628)

Following the enactment of 26 U.S.C. §139F, Debtors moved to have their bankruptcy cases reopened[4] to allow the Trustee to submit claims for tax refunds under the new statute.  In the ruling denying the Motions to Reopen, the Bankruptcy Court determined that Debtors have no possibility of prevailing on their claims under §139F.  The Bankruptcy Court held that Debtors' Motions were "futile" and refused to reopen their cases, thereby denying Debtors the ability to request a tax refund under §139F.  ECF No. 1-1 in Case No. 5:16CV1628 at PageID #: 8.  The Memorandum of Opinion provides, in pertinent part:

> Although subsection (a) covers an array of monetary awards, it ties those awards to the wrongfully incarcerated individual in no less than three places.  First, the statute applies "in the case of any wrongfully incarcerated individual."  "Wrongfully incarcerated individual" is a specifically defined term that does not include Debtors.  Second, the award must "relat[e] to the incarceration of such individual" and be connected to the "covered offense for which such individual was convicted."  "Such individual" can be read in no other way but to refer to the person who was wrongfully incarcerated.  Overlooking these references is the major flaw in Debtors' position.  They want to focus on the nature of the award, which the court finds to be of secondary importance.  The primary focal point is whether the award was made to a wrongfully incarcerated individual.

ECF No. 1-1 in Case No. 5:16CV1628 at PageID #: 9.  The Debtors contend that the Bankruptcy Court erred and abused its discretion by refusing to reopen their cases pursuant to 11 U.S.C. § 350.

## II.

Debtors present two issues on appeal.  First, whether 26 U.S.C. §139F applies to persons other than wrongfully incarcerated individuals.  Second, whether the bankruptcy court abused its

---

[4]  Both Debtors filed a Motion to Reopen.  Thereafter, Debtors each filed an Amended Motion to Reopen and a Second Amended Motion to Reopen on February 29, 2016 and March 14, 2016, respectively.

4

(5:16CV1628)

discretion in interpreting the meaning and application of §139F instead of abstaining from deciding those issues.

In an appeal from a bankruptcy court, the Court must uphold the findings of fact made by the bankruptcy court unless such findings are clearly erroneous. The Court reviews *de novo* the bankruptcy court's conclusions of law. *In re Gardner*, 360 F.3d 551, 557 (6th Cir. 2004).

### III.

### A.

For federal tax purposes, income generally is interpreted broadly. *See* 26 U.S.C. § 61(a) (indicating that "[e]xcept as otherwise provided . . ., gross income means all income from whatever source derived . . ."); *Comm'r. v. Glenshaw Glass Co.*, 348 U.S. 426, 429-30 (1955); *Comm'r v. Schleier*, 515 U.S. 323, 327 (1995). Exclusions from income are construed narrowly. *Glenshaw*, 348 U.S. at 430; *see also United States v. Centennial Savings Bank FSB*, 499 U.S. 573, 583 (1991); *Comm'r v. Jacobson*, 336 U.S. 28, 49 (1949), *Stadnyk v. Comm'r*, 367 Fed.Appx. 586, 590 (6th Cir. 2010).

Debtors argue that by its express terms, 26 U.S.C. §139F(a) applies to all civil damages and awards which relate to the wrongful incarceration. They contend that the second clause of the single sentence that constitutes 26 U.S.C. §139F(a) (that begins with "relating to") should be used to determine the type of person to whom the statute applies and that its application is not limited to wrongfully incarcerated individuals. The Court holds the title of the statute, as well as the plain language of the first clause of the single sentence that constitutes §139F(a) (*i.e.*, "[i]n the case of any wrongfully incarcerated individual") defines the type of person to whom the

5

(5:16CV1628)

statute applies, and it unequivocally states that its application is limited to wrongfully

incarcerated individuals, not others with derivative claims.  *See Almendarez-Torres v. United*

*States*, 523 U.S. 224, 234 (1998) ("[T]he title of a statute and the heading of a section are tools

available for the resolution of a doubt about the meaning of a statute.") (internal quotation marks

omitted)).  In addition, the plain language of the second clause that begins with "relating to"

defines the type of claims with respect to which a settlement payment received by a wrongfully

incarcerated individual may be excluded from income under the statute.  *See United States v.*

*Union Mfg. Co.*, 240 U.S. 605, 611 (1916) (In interpreting the meaning or application of a

statute, its terms must be given their plain meaning, "in the light of subject-matter and context.").

Debtors' arguments all wrongly assume that the second clause of §139F(a) determines who may

exclude a payment under the statute.

   Because the text of  26 U.S.C. §139F unambiguously limits its application to amounts

received by individuals who were wrongfully incarcerated, the Court need not consult the

legislative history to interpret the statute.  *See Scafar Contracting, Inc. v. Sec'y of Labor*, 325

F.3d 422, 425-26 (3d Cir. 2003) (a court need not resort to legislative history to interpret a statute

unless the statute is ambiguous).

**B.**

   Next, Debtors argue that because a claim for loss of consortium is treated the same as the

primary claim from which it is derived for all material purposes under state law, it should be

treated the same for Federal tax purposes under 26 U.S.C. §139F.  Thus, a payment received for a

loss of consortium claim should be excludable under §139F the same as a payment for the

6

(5:16CV1628)

primary claim from which it is derived.  The Court finds this argument lacks merit.  The identical nature of facts and claims of a wrongfully incarcerated individual and those asserting derivative claims based on the wrongful incarceration of that individual does not permit persons other than the wrongfully incarcerated individual to exclude from income under §139F the payment she received.  *See* *Lyeth v. Hoey*, 305 U.S. 188, 194 (1938) ("Congress establishes its own criteria and the state law may control only when the federal taxing act by express language or necessary implication makes its operation dependent upon state law.").  Section 139F does not contain a provision that state law controls the determination of whom is eligible to exclude a payment from gross income under it.

C.

Debtors also argue that the bankruptcy court erred and abused its discretion by assuming the responsibility to interpret 26 U.S.C. §139F; by its determination that Debtors have no possibility of prevailing on their claims under §139F; and, by its refusal to reopen Debtors' cases pursuant to 11 U.S.C. § 350.  Because part of the analysis for deciding whether to reopen a bankruptcy case under § 350 is making a determination of whether to do so would be futile, such as when the court cannot provide the debtor with any relief or reopening would otherwise be futile, the bankruptcy court was required to determine whether the bankruptcy estates in the case at bar had a colorable claim under §139F.  *See* *In re Caravona*, 347 B.R. 259, 262-63 (Bankr. N.D. Ohio 2006) (collecting cases).  The Court concludes that the bankruptcy court properly interpreted §139F and determined that claims or suits for refund would be futile because the Debtors are not wrongfully incarcerated individuals; therefore, they may not avail themselves of

7

(5:16CV1628)

the exclusion from gross income set forth in §139F as a matter of law.  The bankruptcy court did not abuse its discretion in not abstaining from making a determination of tax liability under 11 U.S.C. § 505(a)(1) and (2).

### D.

Finally, Debtors argue that the controlling language in 26 U.S.C. §139F(a) is materially indistinguishable from that utilized by Congress in 26 U.S.C. §104(a)(2).  They contend there is no significant or material difference in the "on account of" language in §104(a)(2) and the "related to" language in  §139F(a).  The Court disagrees.  Section 104, entitled "Compensation for injuries or sickness," provides, in relevant part:

> **(a) In general.**--Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include--
> \* \* \*
> **(2)** the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness;
> \* \* \* \*

There are material differences in the text and purposes of §139F(a) and §104(a)(2).  Section 104(a)(2) does not have a clause or term that defines or limits the type of person whom may exclude a payment from gross income under it.  The Court finds that §139F was provided to insure that wrongfully incarcerated individuals may exclude payments that they receive for their wrongful incarceration, even when the payments would not be excludable under §104(a)(2) because it cannot be established that the payments were paid on account of physical injury or physical sickness that they suffered while incarcerated as required by §104(a)(2).  Moreover, that Congress and the President enacted §139F as a new statute instead of amending §104(a)(2),

8

(5:16CV1628)

which is not limited to a particular type of taxpayer, is a strong indication that they intended to strictly limit the exclusion from income in §139F only to wrongfully incarcerated individuals.

**IV.**

For these reasons and those that have been articulated in the Brief of the United States (ECF No. 15), the bankruptcy court's ruling to deny Debtors' Motions to Reopen their bankruptcy cases pursuant to 11 U.S.C. § 350 is affirmed.


IT IS SO ORDERED.


 December 16, 2016                           /s/ Benita Y. Pearson                  
Date                                        Benita Y. Pearson
                                            United States District Judge